**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ALEXI NIEVES,

        Plaintiff,

        v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Civil Action No. 20-2590 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Alexi Nieves's ("Plaintiff") appeal from the final decision of the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying his request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the final decision of the Commissioner.

## I.    BACKGROUND

### A.    Procedural History[1]

On October 28, 2015, Plaintiff filed an application for Supplemental Security Income, alleging disability beginning on March 18, 2007. (AR 98-100.) Plaintiff's application was denied

---

[1] The Administrative Record ("AR") is located at ECF Nos. 5-1 through 5-9. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

initially on December 10, 2015, and upon reconsideration on September 12, 2016. (AR 105-107; 112-117.) Following an administrative hearing held on July 16, 2018, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff was not disabled. (*Id.* at 12-23.) On January 17, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1.) On March 10, 2020, Plaintiff filed an appeal to the United States District Court for the District of New Jersey. (*See generally* Compl.) Defendant filed the AR on August 3, 2020 (ECF No. 5), Plaintiff filed his brief on December 12, 2020 (Pl.'s Br., ECF No. 10), and the Commissioner filed its brief on March 25, 2021 (Def.'s Opp'n Br., ECF No. 14).

## B. The ALJ's Decision

On November 30, 2018, the ALJ rendered a decision. (AR 12-24.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 12-14.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since March 18, 2007. (*Id.* at 14.) At step two, the ALJ found that Plaintiff had three severe impairments: "degenerative disc disease, degenerative joint disease of the right ankle, and depression." (*Id.*) The ALJ also found that Plaintiff had the non-severe impairments of hyperlipidemia and gastritis. (*Id.* at 14-15.) At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 15-17.)

The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 416.967(a) except that he must be able to stand and stretch at the workstation after 30 minutes of sitting; is able to sit for one to five minutes at the workstation after 30 minutes of standing or walking; and must be able to use a handheld assistive device when standing and walking. He can occasionally climb ramps and stairs, but he can never climb

> ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. He can have occasional exposure to humidity, wetness, and extreme cold. He can never be exposed to unprotected heights, hazardous moving mechanical parts, or operate a motor vehicle. The claimant is able to understand, remember, and carry out simple instructions with only occasional changes to essential job functions and is able to make simple work-related decisions.

(*Id.* at 17.) At step four, the ALJ found Plaintiff unable to perform any of his past relevant work as assistant manager of a fast-food restaurant or manager of a retail store. (*Id.* at 21.) At step five, the ALJ found, pursuant to the Vocational Expert's ("VE") testimony, that Plaintiff "would be able to perform the requirements of representative occupations such as an assembler of optical goods[,] . . . a video surveillance monitor[,] . . . and a document preparer . . . ." (*Id.* at 22-23.) Thus, the ALJ concluded that Plaintiff could adjust to other work that exists in significant numbers in the national economy, making a finding of "not disabled" appropriate. (*Id.* at 23.)

## II. **LEGAL STANDARD**

### A. **Standard of Review**

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Court reviews the Commissioner's final decision to determine whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). Substantial evidence means "more than a mere scintilla" and must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

"[The Court] review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak*, 777 F.3d at 610 (citing *Shaudeck v. Comm'r of Soc. Sec.*

3

*Admin*, 181 F.3d 429, 431 (3d Cir. 1999)). In performing this review, the Court cannot re-weigh the evidence, and if the Court finds that the ALJ's decision is based on substantial evidence it must affirm even if the Court would have decided the case differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *see also Zirnsak*, 777 F.3d at 610 ("[W]e must not substitute our own judgment for that of the fact finder."); *Rutherford*, 399 F.3d at 552 (quoting *Williams v. Sullivan*, 970 F.2d 1778, 1182 (3d Cir. 1992)). ALJs, however, must provide adequate explanation for their decisions such that the reviewing court can determine if the decisions are based on substantial evidence. *See Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.), *reh'g denied*, 650 F.2d 481 (3d Cir. 1981).

### B. The Five-Step Evaluation Process

In determining whether a claimant is disabled, the ALJ follows a five-step evaluation process. 20 C.F.R. § 416.920(a). At step one, the ALJ determines whether the claimant is engaged in SGA. *Id.* § 416.920(a)(4)(i). SGA is defined as work activity that is both substantial and gainful, meaning it involves "significant physical or mental activities" and is "usually done for pay or profit, whether or not a profit is realized." *Id.* § 416.972.

At step two, the ALJ considers the severity of the claimant's impairments. *Id.* § 416.920(a)(4)(ii). To pass this step, the claimant must have an impairment or combination of impairments that "is expected to result in death" or has "lasted or must be expected to last for . . . at least [twelve] months." *Id.* §§ 416.909, 416.920(a)(4)(ii).

At step three, the ALJ considers whether the claimant's impairment or combination of impairments "meets or equals" one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments

4

does meet or equal one of these listings, the claimant will be found disabled regardless of age, education, or work experience. *Id.* § 416.920(d).

Before continuing from step three to step four, the ALJ must assess the claimant's RFC. *Id.* § 416.920(a)(4). The ALJ will consider the limiting effects of all the claimant's impairments, even non-severe impairments, to determine the claimant's RFC. *Id.* § 416.945(e). In addition to the RFC determination, the ALJ must assess the claimant's subjective complaints and give them "serious consideration." *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981). The ALJ's RFC determination must be "accompanied by a clear and satisfactory explication of the basis on which it rests." *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (internal quotation marks omitted) (quoting *Cotter*, 642 F.2d at 704).

At step four, the ALJ uses the RFC to determine whether the claimant has the capacity to perform past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). Past relevant work is "work that [the claimant has] done within the past [fifteen] years, that was [SGA], and lasted long enough for [the claimant] to learn to do it." *Id.* § 416.960(b)(1). If the claimant can still do this kind of work, the claimant will not be found disabled. *Id.* § 416.920(f). Otherwise, the ALJ moves on to the final step. *Id.* § 416.920(a)(4).

The claimant has the burden of proof for the first four steps, and that burden shifts to the Commissioner at the final step. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this final step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). Other work is any other "substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [the claimant] lives, or whether a specific job vacancy exists for [the claimant], or whether [the claimant] would be hired if [the claimant] applied

for work." 42 U.S.C. § 423(d)(2)(A). Such other work must "exist in significant numbers in the national economy" either in the region where the claimant lives or in several regions of the country. 20 C.F.R. § 416.960(c).

In situations where a claimant's impairments affect the claimant's mental abilities, the ALJ may provide substantial evidence of jobs in significant numbers through hypothetical questioning of a VE, which includes the claimant's limitations as established in the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) (holding that questions to VE that do not reflect all impairments cannot be substantial evidence); *see also Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004). If the ALJ finds that the claimant can make an adjustment to other work, the claimant will not be found disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant does not have the capacity to make an adjustment to other work, the claimant will be found disabled and thus will receive benefits. *Id.*

### III. DISCUSSION

#### A. Parties' Positions

Plaintiff asserts that the AR contains substantial evidence showing he is entitled to benefits, or in the alternative that the Commissioner's decision is not based on substantial evidence, requiring remand. (Pl.'s Br. 9.) Plaintiff also argues that portions of the RFC are so vague as to be immune to judicial review. (*Id.* at 19-20.) Specifically, Plaintiff argues that the ALJ's RFC determination cannot be reconciled with the Commissioner's definitional rulings regarding sedentary unskilled work and that certain aspects of the RFC do not adequately reflect the realities of sedentary work. (*Id.* at 18-19.)

First, Plaintiff asserts that the exertional RFC has no factual basis in the AR. (*Id.* at 14.) Plaintiff continues by arguing that the alternating sitting and standing requirement is impermissibly

vague due to the lack of a specific time period for the standing break. (*Id.* at 19.) Plaintiff further argues that during such standing breaks, he cannot perform the functions of an unskilled sedentary job because he would be using one hand to grip his cane as allowed by the RFC. (*Id.*) According to Plaintiff, the allowance of a one-to-five-minute break following thirty minutes of standing or walking is "unreflective of real-world vocational realities" because Plaintiff cannot imagine a sedentary job that requires this amount of walking at one time. (*Id.* at 22).

In terms of postural RFC, Plaintiff argues that the finding that he can "occasionally" kneel, crouch, crawl, climb stairs, and ascend ramps conflicts with the finding that Plaintiff cannot sit for more than thirty minutes and requires a cane to stand. (*Id.* at 24.) Moreover, Plaintiff argues that this finding is entirely superfluous as "the activities described are unfathomable requirements in any sedentary position." (*Id.*) Plaintiff makes a similar argument regarding the environmental RFC, calling the prohibitions regarding work at unprotected heights, in extreme cold, and with hazardous machinery "irrelevant filler, divorced from vocational reality and accompanied by nary a single word of evidence or rationale." (*Id.* at 25.)

Finally, Plaintiff addresses the mental RFC, arguing that the lack of off-task allowance, particularly in conjunction with the standing and sitting break allowances, is unworkable. (*Id.* at 25-26.) Plaintiff also argues that the moderate limitations in his ability to understand and apply information and concentrate are not adequately addressed by the RFC. (*Id.*)

Defendant argues that Plaintiff is asking the Court to impermissibly re-weigh the evidence and reach a different conclusion than the ALJ. (Def.'s Opp'n Br. at 13-14.) Defendant disagrees that the RFC is too vague to be meaningfully reviewed and notes the ALJ's consideration of the medical evidence in the record and crediting of Plaintiff's statements concerning his limitations. (*Id.* at 14-15.) Moreover, Defendant argues that the ALJ is not required to exhaustively discuss

7

every piece of evidence in the record, nor does Plaintiff need to be symptom-free to work. (*Id.* at 17.) Finally, Defendant argues that the ALJ properly relied on the VE's testimony and that Plaintiff's objections to the specific representative jobs presented are irrelevant because Plaintiff could perform at least one of them. (*Id.* at 17-20.)

### B. Analysis

Plaintiff argues the ALJ's RFC finding is impermissibly vague. The Court disagrees. The ALJ's factual findings, including the RFC, do not need to follow a particular format "so long as 'there is sufficient development of the record and explanation of findings to permit meaningful review.'" *Tompkins v. Astrue*, No. 12-1897, 2013 WL 1966059, at *13 (D.N.J. May 10, 2013) (quoting *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)). The fact that the ALJ found Plaintiff had a particular limitation in his ability to work does not require a more specific RFC finding where it is supported by substantial evidence. *See Galvin v. Comm'r of Soc. Sec.*, No. 08-1317, 2009 WL 2177216, at *10 (W.D. Pa. July 22, 2009) ("[S]ubstantial evidence supports the ALJ's determination . . . and the ALJ did not err by failing to make a more particularized [RFC] finding[].").

Here, the ALJ credited Plaintiff's claims regarding his ability to sit and stand for particular lengths of time even though the medical evidence of record did not fully support these claims. (AR 18-21.) Additionally, the ALJ systematically analyzed the medical evidence for each of Plaintiff's claimed symptoms. (*Id.*) Indeed, courts faced with similar sit/stand options in RFCs have not considered this alleged vagueness a reason for remand. *See, e.g., Gee v. Berryhill*, No. 15-2361, 2017 WL 4105202 (M.D. Pa Sept. 15, 2017) (vacating RFC containing similar stretching allowance for reasons other than vagueness); *see also Diaz v. Comm'r of Soc. Sec.*, No. 07-790, 2008 WL 3154744 (D.N.J. Aug. 4, 2008), *vacated on other grounds, Diaz v. Comm'r of Soc. Sec.*,

8

577 F.3d 500 (3d Cir. 2009) (affirming denial of benefits where VE determined claimant needing to stand and stretch every forty-five minutes could perform sedentary work).

Plaintiff further argues that the inclusion of conditions in his RFC that are unlikely to be found in sedentary work environments somehow invalidates the RFC as a whole. (Pl.'s Br. 25) ("These conclusory findings cannot be evaluated under the substantial evidence rule because we cannot know what evidence they are purported to rely [sic].") To begin with, the Court notes that these conditions are not "accompanied by nary a single word of evidence or rationale." (*Id.*) Rather, the ALJ's decision cites specific evidence that led to the imposition of these limitations. (AR 21) ("Dr. McLarnon opined that claimant could perform light work with environmental limitations, including avoiding concentrated exposure to extreme cold, wetness, humidity, and hazards.")[2]

Even if these limitations lacked factual analysis, the Court finds that this would be at most harmless error. Plaintiff himself notes that these conditions are unlikely to occur in sedentary jobs, and the representative jobs that the ALJ relied on in step five do not on their face involve prohibited conditions. *See Stockett v. Comm'r of Soc. Sec.*, 216 F. Supp. 3d 440, 461 (D.N.J. 2016) (noting that unsupported limitation in RFC was harmless error where ALJ relied on VE testimony that hypothetical individual could perform representative job with this limitation).

Plaintiff makes similar arguments regarding the postural RFC, which states that Plaintiff can "occasionally balance, stoop, kneel, crouch, and crawl" among other things. (AR 17.) Plaintiff again claims that "not one word of evidence is offered" to support this finding. (Pl.'s Br. 24.) The ALJ, however, does cite evidence in the medical record that Plaintiff was "reportedly able to squat

---

[2] The Court notes that Dr. McLarnon's opinion was only given partial weight by the ALJ for being inconsistent with medical evidence on Plaintiff's ability to perform light work. (AR 21.) The ALJ, however, only appears to have incorporated the environmental limitations Dr. McLarnon suggested into the RFC and the Court sees no issue with their inclusion.

9

and walk on his heels and toes," and that his "muscle strength was documented to be essentially normal." (AR 19.)

Record evidence supports the ALJ's finding that Plaintiff has the capability to perform the actions contemplated by his RFC. Moreover, the ALJ is not required to credit Plaintiff's claims entirely when there is contrary medical evidence. *See Smith*, 637 F.2d at 972. Plaintiff argues that his RFC conflicts with the "portrait of an individual . . . [who] needs to lean on a cane just to balance . . . ." (Pl.'s Br. 24.) This is not supported by the evidence, as the ALJ specifically notes that Plaintiff's cane is not prescribed and that he is able to walk without it in his home. (AR 15.) In addition, the fact that certain actions are not likely to be required in a sedentary job is at most harmless error and is not a reason to remand. *See Stockett*, 216 F. Supp. 3d at 461.

Plaintiff asserts that his use of a cane makes the RFC unworkable because he cannot perform the representative jobs the ALJ relied on while also exercising the sit/stand option. (Pl.'s Br. 18-19.) In terms of representative jobs, Plaintiff's argument is unpersuasive. During the administrative hearing, the VE testified that the "use of the cane at a sedentary exertional level . . . does not impact the performance of the essential functions of the job." (AR 69.) Plaintiff disagrees and argues that it does, in fact, impact his ability to perform the essential functions of the jobs the VE cited at the hearing. (Pl.'s Br. 19 n.6) ("The Court is invited to contemplate the absurdity of assembling eyeglasses utilizing small tools while standing on his feet with one-hand [sic] gripping a cane.") Inexplicably, however, Plaintiff completely disregards one of the jobs the VE presented to the ALJ:

ATTY: I'm not going to get into the video surveillance monitor, Judge, simply because there's two other jobs that were there.

. . .

10

> ATTY: I'm not going to get into the video surveillance monitor job. I believe at least back here that doesn't exist or exists rarely but we can go into a half an hour dissertation on that that really won't accomplish anything when there's other jobs that fill the same bill so I'll just let that one go.

(AR 76.) This job is similarly absent from Plaintiff's brief. (*See generally* Pl.'s Br.) Even if the Court credits Plaintiff's claims that he cannot perform the jobs of optical goods assembler or document preparer, the inclusion of these positions does not warrant remand as long as there is one position widely available in the national economy that Plaintiff can perform. *See Zirnsak*, 777 F.3d at 620. Defendant asserts, and the Court agrees, that the job of "surveillance system monitor, on its face, does not offer" the same problems because Plaintiff "could stand, hold the cane[,] and still view the monitor." (Def.'s Opp'n Br. 19.) There is no justification given for the assertion that the surveillance system monitor job does not exist, and in fact the VE testified that "the most current national number is 190,330." (AR 68.) Thus, the Court does not find the ALJ's determination that Plaintiff could perform jobs that exist in significant numbers in the national economy to be erroneous.

Finally, Plaintiff argues that the RFC's consideration of his mental impairments is insufficient, especially in conjunction with the use of the cane, because it does not give him any off-task allowance. (Pl.'s Br. 26.)[3] The ALJ determined that Plaintiff's mental impairments are merely "moderate." (AR 16.) Moreover, the ALJ noted that Plaintiff's claims regarding the extent of his impairments do not fully comport with the medical evidence. (*Id.* at 20.) While it is true that the RFC does not allow for Plaintiff being off task more than is usually acceptable, Plaintiff's mental impairments are accounted for by the fact that he is limited to unskilled work. At the administrative hearing, the VE specifically testified that a hypothetical individual with Plaintiff's

---

[3] Having already discussed the use of a cane, the Court only addresses this argument generally.

11

mental impairments could perform jobs at the unskilled level but not at the skilled level. (AR 69-70.) The Court, therefore, finds that the ALJ's RFC determination sufficiently addresses Plaintiff's mental impairments.

Because the RFC is not impermissibly vague and the ALJ's findings have "more than a mere scintilla" of evidentiary support, the Court does not find good cause to reverse, remand, or vacate the Commissioner's final decision.

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's final decision. An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2021